

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                              Criminal No. 3:11cr292

DAVID WHITAKER

### MEMORANDUM OPINION

David Whitaker, proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 71).[1]  Whitaker contends that his guilty plea was "unconstitutionally accepted by the trial judge in violation of Rule (11) of the Criminal Rules of Procedure and the United States Constitution."[2]   (Id. at 5.) Specifically, Whitaker demands relief because the trial judge failed to inform him of the following:[3]

> 1)    That, by pleading guilty the defendant was waiving his Fifth Amendment right to a trial by jury;

---

[1] The Court employs the pagination assigned to the § 2255 Motion by the CM/ECF docketing system.  The Court corrects the capitalization in the quotations from Whitaker's submissions.

[2] Whitaker alleges that on February 28, 2012, the undersigned judge failed to inform him of his rights when accepting his guilty plea.  However, Whitaker waived his right to have a District Judge hear and accept his plea and pled guilty before then-Magistrate Judge Lauck on February 10, 2012. Subsequently, Judge Lauck issued a Report and Recommendation in which she recommended that the acceptance of Whitaker's plea be adopted.  (ECF No. 38.)  By Order filed February 28, 2012, the Court adopted the Report and Recommendation.  (ECF No. 41.)

[3] For ease of reference, the Court will refer to each of these omissions as a separate claim.

2) That, by pleading guilty the defendant was waiving his Fifth Amendment right against self-incrimination;

3) That, if the defendant elected to have a jury trial, that the jury would have to render a unanimous verdict;

4) That, the defendant had a right to call witnesses;

5) That, the defendant had a right to cross-examine any witnesses use [sic] against him during the trail [sic];

6) That, the defendant had a right to remain silent;

7) That, the defendant had a right to testify on his own behalf if he elected to go to trial;

8) That, the court failed to advise the defendant of the nature of the charges against him;

9) That, the court failed to advise the defendant of the consequences of the guilty plea;

10) That, the court failed to advise the defendant of the mandatory minimum and maximum sentence for the charge;

11) That, the court failed to advise the defendant that it could consider applicable sentencing guidelines; [and]

12) That, the prosecutor's factual basis failed to set forth each and every element to constitute the crime to which the defendant was pleading guilty to[.]

(Id.)   The Government responded, asserting that Whitaker's claims lack merit.   (ECF No. 74.)   Whitaker received an extension of time to file a reply to the Government's response, and subsequently filed a letter motion for relief pursuant to

2

*Alleyne v. United States*, 133 S. Ct. 2151 (2013).  (ECF No. 79.)
For the reasons set forth below, Whitaker's § 2255 Motion (ECF
No. 71) and his letter motion (ECF No. 79) will be denied.

## I.  PROCEDURAL HISTORY

On December 6, 2011, a grand jury charged Whitaker with one
count of conspiracy to commit robbery affecting commerce, three
counts of robbery affecting commerce, and one count of
possessing a firearm in furtherance of a crime of violence.
(ECF No. 1, at 1-8.)  However, on February 8, 2012, a Criminal
Information charging Whitaker with three counts of robbery
affecting commerce and one count of possessing a firearm in
furtherance of a crime of violence was filed.  (ECF No. 31, at
1-3.)  On February 10, 2012, Whitaker entered into a Plea
Agreement and pled guilty to the four charges contained in the
Criminal Information.  (ECF No. 36.)

The Plea Agreement set forth the minimum and maximum
penalties for each count of the Criminal Information.  (Plea
Agreement ¶ 1.)  The Plea Agreement also provided that Whitaker
"admits the facts set forth in the statement of facts filed with
this plea agreement and agrees that those facts establish guilt
of the offense charged beyond a reasonable doubt."  (Id. ¶ 2.)
The Plea Agreement further set forth Whitaker's understanding

3

that he was waiving certain rights, including his rights to a jury trial, to confront adverse witnesses, to be protected from self-incrimination, and to present witnesses. (Id. ¶ 3.) During his Rule 11 proceedings, Whitaker confirmed his understanding of the charges and the penalties for each charge. (Feb. 10, 2012 Tr. 8.) He also confirmed that he was waiving certain trial rights. (Feb. 10, 2012 Tr. 11-12.) Whitaker understood that the Court would consider the applicable sentencing guidelines in determining his sentence. (Feb. 10, 2012 Tr. 21-22.) Finally, Whitaker agreed that the Statement of Facts supporting his plea was correct and that he signed the Statement of Facts because the information contained therein was true. (Feb. 10, 2012 Tr. 26-27.)

On May 11, 2012, the Court entered judgment against Whitaker and sentenced him to a total of 154 months of imprisonment. Specifically, the Court sentenced Whitaker to 70 months of imprisonment on Counts One, Three, and Four, to be served concurrently, and 84 months of imprisonment on Count Two, to be served consecutively. (J. 2, ECF No. 64.) Whitaker did not appeal to the United States Court of Appeals for the Fourth Circuit.

4

## II. ANALYSIS

This Court recognizes that the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-73 (1977). Therefore, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted). The Fourth Circuit has admonished that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22. No circumstances exist here that would lead the Court to consider Whitaker's prior sworn statements as other than truthful.

Whitaker first alleges that the Court failed to inform him that, by pleading guilty, he was waiving certain trial rights.

5

(§ 2255 Mot. 5.)    His assertions are belied by his Plea
Agreement, the Rule 11 colloquy, and Judge Lauck's Report and
Recommendation ("R&R").    Whitaker's signed Plea Agreement
indicated that he understood that by pleading guilty, he was
waiving the following rights: (1) the right to a jury trial; (2)
the right to be represented by counsel at trial and every other
stage of the proceedings; (3) the right to cross-examine adverse
witnesses;    (4)    the    right    to    be    protected    from    self-
incrimination; (5) the right to testify himself and also present
witnesses; and (6) the right to compel witnesses to attend.
(Plea Agreement ¶ 3.)    During the Rule 11 proceedings, Judge
Lauck reiterated that Whitaker was giving up these rights, and
also informed him that he was waiving his rights to decide not
to testify and to a unanimous jury verdict.    (Feb. 10, 2012
Tr. 11.)    Whitaker stated that he understood.    (Feb. 10, 2012
Tr. 12.)    Furthermore, Judge Lauck's R&R noted that Whitaker
understood that he was waiving these rights by choosing to plead
guilty and not go to trial.   (ECF No. 38 ¶ 5.)   As Whitaker was
fully informed of these rights, Claims One through Six will be
dismissed.

Whitaker also claims that the Court failed to advise him of
the    nature    of    the    charges;    failed    to    advise    him    of    the
consequences of a plea of guilty; failed to advise him of the

6

mandatory minimum and maximum penalties for each charge; and
failed to advise him that the Court could consider the
applicable Sentencing Guidelines. (§ 2255 Mot. 5.) Again,
these assertions are contradicted by the Plea Agreement, the
Rule 11 colloquy, and Judge Lauck's R&R. The Plea Agreement
specifically set forth the maximum penalties for Counts One,
Three, and Four, and the mandatory minimum and maximum penalties
for Count Two. (Plea Agreement ¶ 1.) Whitaker also
acknowledged that he understood that the Sentencing Guidelines
would apply to his case. (Id. ¶ 4.) During the Rule 11
proceedings, Judge Lauck advised Whitaker of the nature of the
charges and the minimum and maximum penalties for each one.
(Feb. 10, 2012 Tr. 8.) Whitaker responded that he understood.
(Feb. 10, 2012 Tr. 8.) Judge Lauck informed Whitaker that the
Court would consider the applicable Sentencing Guidelines before
determining his sentence, and again, Whitaker stated that he
understood. (Feb. 10, 2012 Tr. 21-22.) Judge Lauck also
informed Whitaker that by pleading guilty to four felony
charges, he would lose certain civil rights, and Whitaker
responded that he understood. (Feb. 10, 2012 Tr. 9.)
Furthermore, in her R&R, Judge Lauck found that Whitaker
understood the nature of the charges, the mandatory minimum and
maximum penalties for each charge, the loss of various civil

rights, and that his sentence would be determined after consideration of the applicable Sentencing Guidelines. (ECF No. 38 ¶¶ 2-4.) Accordingly, Claims Six through Eleven lack merit and will be dismissed.

Finally, Whitaker argues that the prosecutor's Statement of Facts "failed to set forth each and every element to constitute the crime to which [he] was pleading guilty." (§ 2255 Mot. 5.) Again, his claim is refuted by his Plea Agreement, the Statement of Facts, and the Rule 11 colloquy. In the Plea Agreement, Whitaker admitted to the facts set forth in the Statement of Facts, and agreed that "those facts establish guilt of the offense charged beyond a reasonable doubt." (Plea Agreement ¶ 2.) The Statement of Facts set forth the elements for each charge and the detailed facts supporting each charge. (See Statement of Facts, ECF No. 37.) Of note, Whitaker's signature indicated that he "knowingly and voluntarily agree[d] that each of the above-recited facts is true and correct and that had this matter gone to trial the United States could have proven each one beyond a reasonable doubt." (Id. at 6.) Furthermore, during the Rule 11 proceedings, Whitaker denied that anything in the Statement of Facts needed to be corrected, and stated that he signed the Statement of Facts because the information

contained therein was true.  (Feb. 10, 2012 Tr. 26-27.) Therefore, Claim Twelve will be dismissed

In sum, it is clear from the record that Whitaker's allegations in his § 2255 motion, which directly contradict his sworn statements during the Rule 11 colloquy, are "'palpably incredible' and 'patently frivolous or false.'"  Lemaster, 403 F.3d at 221 (citations omitted).  Whitaker's § 2255 Motion (ECF No. 71) will be denied.

Whitaker has also filed a letter motion for relief pursuant to Alleyne v. United States, 133 S. Ct. 2151 (2013).  (ECF No. 79.)  In that motion, he argues that the "two year enhancement [he] received [for brandishing a firearm] wasn't charged in [his] indictment, nor[] was the enhancement presented in front of a jury."  (Id. at 1 (spelling corrected).)  In Alleyne, the Supreme Court held "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155. Although Alleyne did announce a new constitutional rule of criminal procedure, the case is not retroactive on collateral review.  See Crayton v. United States, No. 13-3548, -- F.3d ----, 2015 WL 3895767, at *1-2 (7th Cir. June 25, 2015); Williams v. United States, No. 4:09cr00039, 2014 WL 526692, at *4 (W.D. Va. Feb. 7, 2014).  Therefore, Whitaker

cannot rely on Alleyne for relief.  Whitaker's letter motion (ECF No. 79) will be denied, and this action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B).  A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Whitaker has not satisfied this standard.  Accordingly, the Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Whitaker and counsel of record.

It is so ORDERED.

/s/ _REP_

Robert E. Payne
Senior United States District Judge

Date: July 17, 2015
Richmond, Virginia